**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COSMEDICA, P.L.L.C. and<br>DR. SARA HOGAN,<br><br>Plaintiffs,<br><br>v.<br><br>JONES LANG LASALLE BROKERAGE, INC.,<br>JONES LANG LASALLE AMERICAS, INC.,<br>CLUNE CONSTRUCTION COMPANY, LP, and<br>CRUZELECTRIC, LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: _____<br><br>Superior Court Case No.:<br>2026-CAB-001717 |

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendants Jones Lang LaSalle Brokerage, Inc. ("JLL Brokerage") and Jones Lang LaSalle Americas, Inc. ("JLL Americas") (collectively "JLL") hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to provisions of 28 U.S.C. §§ 1332, 1441, and 1446. Defendants Clune Construction Company, LP ("Clune") and CruzElectric, LLC ("CruzElectric") assent to this removal action. In support of this Notice of Removal, Defendants state as follows:

**PROCEDURAL HISTORY**

1.    Plaintiffs Cosmedica, P.L.L.C. and Dr. Sara Hogan (collectively "Cosmedica") filed this action against Defendants in the Superior Court for the District of Columbia on March 16, 2026 seeking $475,000.00 plus interest, attorney's fees, and costs. A true and correct copy of the Complaint, Summons, Affidavits of Service, and Initial Order are attached as **Exhibit A** to this Notice.

4917-7457-6804 v4

2.      On April 3, 2026, Cosmedica served CruzElectric with a copy of the Summons and Complaint.

3.      On April 8, 2026, Cosmedica served Clune with a copy of the Summons and Complaint.

4.      On April 8, 2026, Cosmedica served JLL with a copy of the Summons and Complaint.

## GROUNDS FOR REMOVAL

5.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

7.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

8.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9.      Pursuant to 28 U.S.C. § 1441, JLL removes this action to the District Court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds

2

4917-7457-6804 v4

$75,000, exclusive of interest and costs. Further, removal is timely because it was filed within thirty days after service on JLL.

10.    As plead in the Complaint, Plaintiff Dr. Sara Hogan ("Dr. Hogan") is a resident of the District of Columbia and owner of Cosmedica, P.L.L.C. *See* Ex. A ¶ 1. Accordingly, Dr. Hogan is a resident of the District of Columbia.

11.    As plead in the Complaint, Plaintiff Cosmedica, P.L.L.C. is a professional limited liability company formed under the laws of the District of Columbia and with a principal place of business in the District of Columbia. *See* Ex. A ¶ 2. Accordingly, Plaintiff Cosmedica, P.L.L.C is a resident of the District of Columbia.

12.    JLL Brokerage is incorporated under the laws of the State of Texas, with its principal place of business in Illinois. Accordingly, JLL Brokerage is a resident of Texas and Illinois.

13.    JLL Americas is incorporated under the laws of the State of Maryland, with its principal place of business in Illinois. Accordingly, JLL Americas is a resident of Maryland and Illinois.

14.    Clune is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Illinois. Accordingly, Clue is a resident of Delaware and Illinois.

15.    CruzElectric is a limited liability company formed under the laws of the Commonwealth of Virginia, with its principal place of business in Virgina. All of the members of CruzElectric are residents of Virginia. Accordingly, CruzElectric is a resident of Virgina.

16.    From the face of the Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional threshold, exclusive of interests and costs. Here, Cosmedica seeks $475,000.00 in monetary damages.

4917-7457-6804 v4

17.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), Both Clune and CruzElectric have provided their consent to this removal via email.

18.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal is timely filed within thirty days of service of the Summons and Complaint. Further, 28 U.S.C. § 1446(b)(2)(C) provides that, "if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Cosmedica served a copy of the Summons and Complaint on JLL on April 8, 2026. This removal is timely because it was made within thirty days of the date of service.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, 1441(a), and 1446(a) because the Superior Court for the District of Columbia, where the Complaint was filed, is a state court within the United States District Court for the District of Columbia.

20.     Therefore, this action may be removed to this Court by JLL in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Columbia; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF THE REMOVAL PAPERS

21.     A true and correct copy of the original Notice of Removal was promptly filed with the Clerk of Court for the Superior Court for the District of Columbia in accordance with 28 U.S.C. § 1446(d). A true and accurate copy of this Notice of filing is attached hereto as **Exhibit B**.

22.     By filing this Notice of Removal, JLL does not waive any jurisdictional or other defenses that might be available to it. In addition, JLL expressly reserves the right to move for

4

4917-7457-6804 v4

dismissal of some or all of Plaintiffs' claims and reserves the right to amend or supplement this Notice of Removal.

## **CONCLUSION**

WHEREFORE, Defendants JLL Brokerage and JLL Americas respectfully request that the above-styled action from the Superior Court for the District of Columbia be removed to the United States District Court for the for the District of Columbia.

Dated:  April 28, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

*/s/ Frederick S. Rudesheim*
Frederick S. Rudesheim
1800 K St. NW, Suite 1000
Washington D.C. 20006
Phone: 202-639-5653
Email: frudesheim@shb.com

***Counsel for Defendants JLL***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of April 2026, a copy of the foregoing document was filed electronically on this day. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

*/s/ Frederick S. Rudesheim*
Frederick S. Rudesheim

4917-7457-6804 v4