**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COSMEDICA, P.L.L.C. and<br>DR. SARA HOGAN,<br><br>Plaintiffs,<br><br>v.<br><br>JONES LANG LASALLE BROKERAGE, INC.,<br>JONES LANG LASALLE AMERICAS, INC.,<br>CLUNE CONSTRUCTION COMPANY, LP, and<br>CRUZELECTRIC, LLC,<br><br>Defendants. | Case No.: 1:26-cv-01472-LLA |

**DEFENDANT CLUNE CONSTRUCTION COMPANY, LP'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS**

Defendant Clune Construction Company, LP ("Clune") files this Answer to Plaintiffs Cosmedica, P.L.L.C. ("Cosmedica") and Dr. Sara Hogan's (collectively, "Plaintiffs") Complaint and admits, denies, and alleges as follows:

**PARTIES**

1. Clune admits that Hogan is the owner of Cosmedica, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1, and therefore denies the same.

2. Clune admits the allegations in Paragraph 2.

3. Clune admits the allegations in Paragraph 3.

4. Clune admits the allegations in Paragraph 4.

5. Clune admits the allegations in Paragraph 5.

6. Clune admits the allegations in Paragraph 6.

## JURISDICTION

7. Clune denies the allegations in Paragraph 7, as state law does not determine subject matter jurisdiction now that this matter has been removed to the U.S. District Court for the District of Columbia. Clune is not challenging subject matter jurisdiction at this time.

8. Clune denies the allegations in Paragraph 8, as state law does not determine personal jurisdiction now that this matter has been removed to the U.S. District Court for the District of Columbia. Clune is not challenging personal jurisdiction at this time.

9. Clune admits the allegations in Paragraph 9, as venue is proper in this Court.

## FACTS

10. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and therefore denies the same.

11. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and therefore denies the same.

12. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and therefore denies the same.

13. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and therefore denies the same.

14. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies the same.

15. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 and therefore denies the same.

16. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and therefore denies the same.

17. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and therefore denies the same.

18. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies the same.

19. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies the same.

20. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and therefore denies the same.

21. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies the same.

22. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and therefore denies the same.

23. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore denies the same.

24. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore denies the same.

25. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies the same.

26. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore denies the same.

27. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore denies the same.

28. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore denies the same.

29. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore denies the same.

30. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and therefore denies the same.

31. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and therefore denies the same.

32. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and therefore denies the same.

33. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and therefore denies the same.

34. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and therefore denies the same.

35. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 and therefore denies the same.

36. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and therefore denies the same.

37. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 and therefore denies the same.

38. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 and therefore denies the same.

39. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and therefore denies the same.

40. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and therefore denies the same.

41. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and therefore denies the same.

42. Clune denies the allegations in Paragraph 42.

43. Clune admits that it received a request for proposal from Jones Lang LaSalle Americas, Inc. ("JLLA") on October 15, 2024, and that it was selected to provide a bid for the project. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 43 and therefore denies the same.

44. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and therefore denies the same.

45. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and therefore denies the same.

46. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and therefore denies the same.

47. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and therefore denies the same.

48. Clune admits that it submitted a bid for the project in November 2024, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 48 and therefore denies the same.

49. Clune admits that the cost of the electrical work in its bid was $227,850.00, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49 and therefore denies the same.

50. Clune admits that Cosmedica agreed to engage Clune in November 2024, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50 and therefore denies the same.

51. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies the same.

52. Clune denies the allegations in Paragraph 52.

53. Clune denies the allegations in Paragraph 53.

54. Clune affirmatively alleges that it mistakenly listed Jones Lang LaSalle Americas as the Project owner in its first three pay applications, and its fifth pay application for the Project, and identified Cosmedica as the Project owner in its fourth pay application. Clune denies the remaining allegations in Paragraph 54 of the Complaint, including all allegations that contradict Clune's affirmative allegations in response to the same.

55. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and therefore denies the same.

56. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 and therefore denies the same.

57. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 and therefore denies the same.

58. Clune admits that JLLA sent Clune's contract to Cosmedica but affirmatively alleges that the contract was sent to Cosmedia on or about December 13, 2024. Clune lacks

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 58 and therefore denies the same.

59. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and therefore denies the same.

60. Clune denies the allegations in Paragraph 60.

61. Clune admits the allegations in Paragraph 61.

62. Clune admits the allegations in Paragraph 62.

63. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and therefore denies the same.

64. Clune denies the allegations in Paragraph 64.

65. Clune admits that its contract with Cosmedica incorporated by reference the permitted drawings prepared by FORM but denies all remaining allegations in Paragraph 65.

66. Clune denies the allegations in Paragraph 66.

67. Clune admits the allegations in Paragraph 67.

68. Clune admits the allegations in Paragraph 68.

69. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 and therefore denies the same.

70. Clune denies the allegations in Paragraph 70.

71. Clune denies the allegations in Paragraph 71.

72. Clune admits that demolition efforts began on December 16, 2024 at Cosmedica, but denies all remaining allegations in Paragraph 72, including the implication that there was any delay in the demolition.

73. Clune denies the allegations in Paragraph 73.

74. Clune admits that the certificate of occupancy was issued on April 23, 2025, and that this was about two months after the date when Clune's contract with Cosmedica indicated there would be "substantial completion" of the project, but denies all remaining allegations in Paragraph 75.

75. Clune denies the allegations in Paragraph 75.

76. Clune denies the allegations in Paragraph 76.

77. Clune denies the allegations in Paragraph 77.

78. Clune denies the allegations in Paragraph 78.

79. Clune states that Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Clune admits the allegations in Paragraph 79.

## COUNT I: BREACH OF ORAL CONTRACT (JLLB)

80. Clune incorporates by reference its prior responses as though fully set forth herein.

81. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 and therefore denies the same.

82. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 and therefore denies the same.

83. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 and therefore denies the same.

84. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 and therefore denies the same.

85. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 and therefore denies the same.

**COUNT II: BREACH OF DC CODE § 42-1703 (JLLB)**

86. Clune incorporates by reference its prior responses as though fully set forth herein.

87. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and therefore denies the same.

88. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 and therefore denies the same.

89. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 and therefore denies the same.

90. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 and therefore denies the same.

**COUNT III: NEGLIGENT MISREPRESENTATION (JLLB)**

91. Clune incorporates by reference its prior responses as though fully set forth herein.

92. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and therefore denies the same.

93. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and therefore denies the same.

94. Clune lacks knowledge or information sufficient to form a belief as to the allegations in 94 and therefore denies the same.

**COUNT IV: BREACH OF CONTRACT (JLLA)**

95. Clune incorporates by reference its prior responses as though fully set forth herein.

96. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 and therefore denies the same.

97. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 and therefore denies the same.

98. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 and therefore denies the same.

**COUNT V: NEGLIGENT MISREPRESENTATION (JLLA)**

99. Clune incorporates by reference its prior responses as though fully set forth herein.

100. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 and therefore denies the same.

101. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 and therefore denies the same.

102. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 102 and therefore denies the same.

**COUNT VI: BREACH OF CONTRACT (CLUNE CONSTRUCTION)**

103. Clune incorporates by reference its prior responses as though fully set forth herein.

104. Clune admits the allegations in Paragraph 104.

105. Clune admits the allegations in Paragraph 105, with the clarification that Clune's contract with Cosmedica included a term that the contract's time would be subject to equitable adjustment if Clune were delayed at any time in the progress of the work, including by any changes ordered in the work.

106. Clune denies the allegations in Paragraph 106.

107. Clune denies the allegations in Paragraph 107.

**COUNT VII: NEGLIGENCE (CRUZ)**

108. Clune incorporates by reference its prior responses as though fully set forth herein.

109. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 and therefore denies the same.

110. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 110 and therefore denies the same.

111. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 111 and therefore denies the same.

112. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 112 and therefore denies the same.

113. As to the allegations in the paragraph beginning "WHEREFORE," Clune denies that Plaintiffs are entitled to any of their requested relief.

## DEMAND FOR TRIAL BY JURY

114. Clune states that Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Clune admits that Plaintiffs have requested a trial by jury on all issues so triable.

## GENERAL DENIAL

Clune generally denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein and demands strict proof thereof.

## DEFENSES

Clune asserts the following defenses to preserve them for trial. As this matter proceeds and Clune obtains additional information regarding the applicability of defenses, Clune may withdraw or add to these defenses as appropriate. Clune has not knowingly or intentionally waived any applicable defenses, and Clune reserves the right to amend its defenses during the course of this

litigation. By stating these defenses, Clune does not assume the burden of proof on any defense or issue where the burden is properly borne by Plaintiffs.

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Clune did not breach any express, implied, legal, or equitable duties or obligations owed to Plaintiffs, if any.

3. Plaintiffs' alleged damages were not caused by any breach, act, or omission by Clune.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment and acceptance and accord and satisfaction.

5. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

6. Clune asserts the defenses of offset, credit, and recoupment.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of mutual or unilateral mistake.

8. Clune preserves and asserts any and all additional defenses permitted by law or equity, including all available defenses applicable to Plaintiffs' claims.

WHEREFORE, Clune prays that the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby.

## COUNTERCLAIM

Counterclaimant Clune alleges the following counterclaims against Counterclaim Defendant Cosmedica, and hereby alleges as follows:

## INTRODUCTION TO NATURE OF DISPUTE

1. This dispute arises between Clune and Cosmedica for Cosmedica's failure to pay Clune for construction work performing a tenant interior fit-out for Cosmedica's business property in Washington, D.C., leading to Clune recording a mechanics' lien for unpaid amounts of $137,982.51.

## PARTIES, JURISDICTION, AND VENUE

2. Defendant/Counterclaim Plaintiff Clune is a limited partnership formed under the laws of Delaware with its principal place of business located at 10 S. Riverside Plaza, Suite 2200, Chicago, Illinois 60606. It is authorized to do business in Washington, D.C., and at all relevant times, was fully licensed and registered by the D.C. Department of Licensing and Consumer Protection (License # 410511000986).

3. Plaintiff/Counterclaim Defendant Cosmedica is a professional limited liability company formed under the laws of Washington, D.C. with its principal place of business located at 1250 23rd Street NW, Suite 410, Washington, D.C. 20037 (the "Property"). The legal description of the Property is Square 0036, Lot 2102. Cosmedica has a leasehold interest in the Property.

4. This Court has subject matter jurisdiction over Clune's breach of contract counterclaim under 28 U.S.C. § 1332(a)(1) as the matter in controversy in this counterclaim exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. The Court also has subject matter jurisdiction over Clune's petition to enforce its mechanic's lien under 28 U.S.C. § 1367 as that claim is so related to the breach of contract claim

as to form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District Court for the District of Columbia under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the counterclaims occurred in this district, and a substantial part of the property that is the subject of the counterclaims is situated in this district.

**FACTUAL BACKGROUND**

7. On or about December 13, 2024, Clune and Cosmedica entered into a Standard Short Form of Agreement Between Owner and Contractor (the "Agreement") to complete a tenant fit-out at the Property, attached hereto as Exhibit 1.

8. The Agreement is an enforceable agreement between Clune and Cosmedica.

9. The Agreement required Clune to build out the business space at the Property, including all labor, materials, equipment, and services necessary for the execution and completion of the work under the Agreement.

10. The contract sum was based on the cost of the work and all items necessary for the execution of the work. The Agreement listed the contract sum as $661,059.11.

11. On or about December 16, 2024, Clune commenced labor on the Property and commenced procuring materials to be furnished to the Property.

12. Over the course of the project, Cosmedica signed several change orders, with a total net change of $54,479.00. Most relevant here, on May 4, 2025, Cosmedia signed a Change Estimate Summary for $32,409.00 for additional electrical work to be performed under the Agreement, attached hereto as Exhibit 2.

13. Including these change orders to the contract sum in the Agreement, Cosmedica agreed to pay Clune $715,538.11 in total for its work.

14. Clune substantially performed the work under the Agreement, including furnishing labor, materials, equipment, and services.

15. Clune submitted timely Applications for Payment to Cosmedica, in accordance with Article 4 of the Agreement.

16. On or about May 19, 2025, Clune submitted Application for Payment No. 4 to Cosmedica for services rendered through April 30, 2025.

17. On September 10, 2025, Clune submitted Application for Payment No. 5 to Cosmedica for services rendered through August 31, 2025.

18. Cosmedica failed to timely pay either Application for Payment No. 4 or No. 5 as required under the Agreement.

19. Due to repeated failures to make payments, Clune issued a notice of suspension of work on September 12, 2025, indicating that it intended to suspend work effective September 19, 2025, until such time that the payment disputes could be resolved.

20. Prior to the issuance of the notice of suspension, Clune's last day of work at the Property—and thus the date the work was completed or terminated—was August 29, 2025.

21. As of September 12, 2025, Cosmedica had an outstanding balance of $243,126.71 for Work it had performed on the Property, after deducting just credits and offsets.

22. On September 16, 2025, Cosmedica paid Clune $32,409.00 as a portion of its outstanding balance.

23. On September 30, 2025, Cosmedica paid Clune $72,735.20 as an additional portion of its outstanding balance.

24. As of October 2, 2025, Cosmedica had an outstanding balance of $137,982.51 for Work it had performed on the Property, after deducting just credits and offsets.

25. On November 25, 2025, Clune recorded its Notice of Mechanics' Lien with the District of Columbia Office of Tax and Revenue Recorder of Deeds at Document No. 2025115314 in the amount of $137,982.51. The recorded Notice of Mechanics' Lien is attached hereto as Exhibit 3 (the "Lien"). Clune mailed copies of the recorded Notice of Mechanic's Lien by certified mail that same date to both Cosmedica and Cosmedica's counsel at the time of the recording (Mary C. Biscoe-Hall and Cheyenne Moore with Nelson Mullins Riley & Scarborough LLP).

26. Cosmedica received a copy of the recorded Notice of Mechanics' Lien by certified mail on December 1, 2025.

27. Cosmedica's counsel received a copy of the recorded Notice of Mechanics' Lien by certified mail on December 5, 2025.

28. The Agreement remains in force and neither party has terminated.

29. Clune is filing this counterclaim to comply with D.C. Code §§ 40-301.01, 40-301.02, and 40-303.08, and prior to the expiration of Clune's statutory period to foreclose under D.C. Code § 40-303.13.

**COUNT I – MECHANIC'S LIEN FORECLOSURE**

30. Clune incorporates by reference its prior allegations as if fully set forth herein.

31. Pursuant to the Agreement, Clune furnished labor, materials, fixtures machinery, equipment, and/or tools to the Property.

32. Clune's total lien claim for labor, materials, fixtures, machinery, and/or tools furnished by Clune to the Property under the Agreement, after deducting just credits and offsets is $137,982.51, not including accrued and accruing interest and all other reasonable expenses incurred including, without limitation, attorneys' fees, and other professional services. This amount is the reasonable value of the labor, materials, fixtures, machinery, and/or tools furnished

by Clune under the Agreement and for which Clune has not been paid.

33. On November 25, 2025, Clune duly and timely recorded its Notice of Mechanic's Lien with the District of Columbia Office of Tax and Revenue Recorder of Deeds at Document No. 2025115314 in the amount of $137,982.51 (the "Lien"). *See* Exhibit 3.

34. On November 25, 2025, Clune sent its Lien to Cosmedica and Cosmedica's counsel by certified mail return receipt requested.

35. Clune performed all conditions precedent to impose and secure a good and valid mechanics' lien against the Property for such labor, materials, fixtures, machinery, equipment and/or tools furnished and incorporated into the Property as described in the Lien.

36. Clune timely filed these counterclaims against the leasehold-interest owner of the Property against whom Clune seeks to enforce the Lien under D.C. Code § 40-303.13.

37. Clune alleges that Clune has the most senior priority mechanic's lien on the Property.

38. Clune is entitled to have this Court determine and declare the rights, priority, claims, interest, estate, lines, equity, and title of all lien claimants and other parties claiming an interest in the Property that is the subject of the Lien; to have this Court order the lien foreclosed and Cosmedica's interest in the Property sold to satisfy all liens against it in the order of their priority and treating all valid mechanics' liens as being in parity; and to have the sales proceeds distributed accordingly.

39. Clune is entitled to foreclose the Lien against all others holding an interest that is equal or inferior to the Lien and to recover the amounts secured by the Lien from the foreclosure sale proceeds of Cosmedica's interest in the Property based upon the priorities established by the Court and D.C. law. Furthermore, Clune is entitled to recover interest and its attorneys' fees and

costs incurred in foreclosing on the Lien pursuant to, without limitation, D.C. Code § 40–303.16, the Agreement, and other applicable law.

**COUNT II – BREACH OF CONTRACT**

40. Clune incorporates by reference its prior allegations as if fully set forth herein.

41. Cosmedica requested Clune furnish certain Services and materials for the Property, and Cosmedica agreed to pay Clune for such Services and materials.

42. Cosmedica's request constitutes a valid and binding contractual agreement.

43. Clune performed its obligations by furnishing the Services and materials for the Project.

44. Cosmedica has failed to pay all amounts due and owing for the Services and materials provided by Clune for the Property.

45. Cosmedica materially breached its agreement with Clune by failing to pay Clune all amounts due and owing for the Services and materials supplied to the Property.

46. Clune is entitled to statutory interest on all outstanding amounts owed to it.

47. Cosmedica's material breaches have caused Clune to incur damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Clune requests that the Court enter judgment in favor of Clune and against Counterclaim Defendant Cosmedica as follows:

A. For a judgment entering appropriate orders for foreclosure of the Lien Clune has recorded against the Property in the principal amount of $137,982.51, plus accrued and accruing interest thereon at the highest rate allowable by law from the earliest date allowable by law until paid plus all reasonable expenses incurred including attorneys' fees and other professional services,

and that any person claiming a junior interest in the Property subject to this be forever barred and foreclosed to any and all claim, right, title, interest, estate, lien or equity in the Property;

B. For a judgment declaring that the above sums be adjudged to be a valid lien upon the Property;

C. For a judgment ordering that Cosmedica's interest in the Property be adjudged and decreed to be sold according to the law and practice of this Court and D.C. law and that Clune be paid the amount due out of the proceeds of that sale pursuant to, but not limited to, D.C. Code § 40-303.09, or that Clune be adjudged the owner of Cosmedica's leasehold interest upon foreclosure, as appropriate.

D. For a judgment declaring that any liens and interests of any other defendants claimed against the Property are equal to or inferior to the Lien;

E. For a judgment in favor of Clune and against Cosmedica for Cosmedica's breaches of the Agreement, awarding Clune an amount to be proven at trial, together with interest therein;

F. For an award of interest, costs, expenses, and attorneys' fees pursuant to the terms of the Agreement and any and all applicable law; and

G. For such other and further relief as the Court deems just and proper.

Dated: May 22, 2026

Respectfully submitted,

SNELL & WILMER, LLP

*/s/ Nicole Redmond*

Nicole Redmond (DC Bar # 90018110)
Eric H. Spencer (*pro hac vice application pending*)
Sarah E. Delaney *(pro hac vice application pending)*
2001 K St. NW, Suite 425
Washington D.C. 20006
Tel: (202) 908-4260
nredmond@swlaw.com
espencer@swlaw.com
sdelaney@swlaw.com

***Counsel for Defendant/Counterclaimant Clune Construction Company, LP***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 22nd day of May 2026, a copy of the foregoing document was filed electronically on this day. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

*/s/ Nicole Redmond*
Nicole Redmond