**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COSMEDICA, P.L.L.C. and
DR. SARA HOGAN,

Plaintiffs,

v.

JONES LANG LASALLE BROKERAGE, INC.,
JONES LANG LASALLE AMERICAS, INC.,
CLUNE CONSTRUCTION COMPANY, LP, and
CRUZELECTRIC, LLC,

Defendants.

Case No.: 1:26-cv-01472-LLA

**DEFENDANT CLUNE CONSTRUCTION COMPANY, LP'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF NO. 24] AND COUNTERCLAIMS**

Defendant Clune Construction Company, LP ("Clune") files this Answer to Plaintiffs Cosmedica, P.L.L.C. ("Cosmedica") and Dr. Sara Hogan's ("Hogan," collectively, "Plaintiffs") First Amended Complaint ("FAC") [ECF No. 24] and admits, denies, and alleges as follows:

**PARTIES**

1. Clune admits that Hogan is the owner of Cosmedica but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 and, therefore, denies the same.

2. Clune admits the allegations in Paragraph 2.

3. Clune admits the allegations in Paragraph 3.

4. Clune admits the allegations in Paragraph 4.

5. Clune admits the allegations in Paragraph 5.

6. Clune admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Clune admits the allegations in Paragraph 7.

8. Clune admits that Hogan is the principal of Cosmedica but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 and, therefore, denies the same.

9. Clune admits the allegations in Paragraph 9.

10. Clune admits the allegations in Paragraph 10.

11. Clune admits the allegations in Paragraph 11.

12. Clune admits the allegations in Paragraph 12.

13. Clune admits the allegations in Paragraph 13.

14. Clune admits the allegations in Paragraph 14.

15. Clune admits that it conducted business in the District of Columbia, contracted to supply services in the District of Columbia, and performed work and/or services in the District of Columbia. Clune denies the allegation in Paragraph 15 that it caused injury in the District of Columbia arising from any alleged acts or omissions occurring in the District of Columbia. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 pertaining to other "Defendants" and therefore denies the same. Clune is not challenging personal jurisdiction at this time.

16. Clune admits the allegations in Paragraph 16, as venue is proper in this Court.

## FACTS

17. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and therefore denies the same.

18. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies the same.

19. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies the same.

20. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and therefore denies the same.

21. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies the same.

22. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and therefore denies the same.

23. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore denies the same.

24. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore denies the same.

25. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies the same.

26. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore denies the same.

27. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore denies the same.

28. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore denies the same.

29. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore denies the same.

30. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and therefore denies the same.

31. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and therefore denies the same.

32. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and therefore denies the same.

33. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and therefore denies the same.

34. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and therefore denies the same.

35. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 and therefore denies the same.

36. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and therefore denies the same.

37. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 and therefore denies the same.

38. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 and therefore denies the same.

39. Clune admits that Jones Lang LaSalle's ("JLL") website advertises commercial real estate services including leasing, strategy and design, construction management, project management, and cost management. Clune lacks knowledge or information sufficient to form a

belief as to any other means through which Paragraph 39 alleges JLL "publicly holds itself out" as offering the services listed in Paragraph 39 and therefore denies the same.

40. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and therefore denies the same.

41. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and therefore denies the same.

42. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and therefore denies the same.

43. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and therefore denies the same.

44. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and therefore denies the same.

45. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and therefore denies the same.

46. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and therefore denies the same.

47. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and therefore denies the same.

48. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 and therefore denies the same.

49. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and therefore denies the same.

50. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and therefore denies the same.

51. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies the same.

52. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 and therefore denies the same.

53. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 and therefore denies the same.

54. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 and therefore denies the same.

55. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and therefore denies the same.

56. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 and therefore denies the same.

57. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 and therefore denies the same.

58. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 and therefore denies the same.

59. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and therefore denies the same.

60. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 and therefore denies the same.

61. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 and therefore denies the same.

62. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 and therefore denies the same.

63. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and therefore denies the same.

64. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and therefore denies the same.

65. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 and therefore denies the same.

66. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 and therefore denies the same.

67. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 and therefore denies the same.

68. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 and therefore denies the same.

69. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 and therefore denies the same.

70. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 70 and therefore denies the same.

71. Clune states that the Construction Documents, as defined by Plaintiffs, speak for themselves. Clune affirmatively alleges that it operated from FORM's December 2024 updated

electrical plans to determine project electrical requirements. Clune denies any allegations in Paragraph 71 that suggest it did not meet Project requirements.

72. Clune denies the allegations in Paragraph 72.

73. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 and therefore denies the same.

74. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 and therefore denies the same.

75. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 and therefore denies the same.

76. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 76 and therefore denies the same.

77. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 and therefore denies the same.

78. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 78 and therefore denies the same.

79. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 and therefore denies the same.

80. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 and therefore denies the same.

81. Clune denies the allegations in Paragraph 81.

82. Clune states that the request for proposal speaks for itself. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 82 and therefore denies the same.

83. Clune admits that it received a request for proposal from Jones Lang LaSalle Americas, Inc. ("JLLA") on October 15, 2024, and that it was selected to provide a bid for the project. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 83 and therefore denies the same.

84. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 and therefore denies the same.

85. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 and therefore denies the same.

86. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 and therefore denies the same.

87. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and therefore denies the same.

88. Clune admits that it submitted a bid for the project in November 2024 but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 88 and therefore denies the same.

89. Clune admits that the cost of the electrical work in its bid was $227,850.00 but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 89 and therefore denies the same.

90. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 and therefore denies the same.

91. Clune admits that Cosmedica agreed to engage Clune in November 2024 but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 91 and therefore denies the same.

92. Clune admits that it was founded by former LaSalle Partners executive Mike Clune but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 92 and therefore denies the same.

93. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and therefore denies the same.

94. Clune denies the allegations in Paragraph 94.

95. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 and therefore denies the same.

96. Clune denies the allegations in Paragraph 96.

97. Clune affirmatively alleges that it mistakenly listed Jones Lang LaSalle Americas as the Project owner in its first three pay applications, and its fifth pay application for the Project, and identified Cosmedica as the Project owner in its fourth pay application. Clune denies the remaining allegations in Paragraph 97, including all allegations that contradict Clune's affirmative allegations in response to the same.

98. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 and therefore denies the same.

99. Clune affirmatively alleges that under its contract with Cosmedica, the Date of Commencement of work was December 16, 2024; its "substantial completion" date was February 21, 2025; and the contract included a term that the substantial completion date would be subject to equitable adjustment if Clune were delayed at any time in the progress of the work, including by any changes ordered in the work. Clune denies the remaining allegations in Paragraph 99.

100. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 and therefore denies the same.

101. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 and therefore denies the same.

102. Clune denies that excessive electrical costs were tied to the work and means and methods employed by Clune. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 102 and therefore denies the same.

103. Clune admits that JLLA sent Clune's contract to Cosmedica but affirmatively alleges that the contract was sent to Cosmedica on or about December 13, 2024. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 103 and therefore denies the same.

104. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 and therefore denies the same.

105. Clune denies the allegations in Paragraph 105.

106. Clune admits the allegations in Paragraph 106.

107. Clune admits the allegations in Paragraph 107.

108. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 108 and therefore denies the same.

109. Clune denies the allegations in Paragraph 109.

110. Clune admits that its contract with Cosmedica incorporated by reference the permitted drawings prepared by FORM but denies all remaining allegations in Paragraph 110.

111. Clune denies the allegations in Paragraph 111.

112. Clune admits the allegations in Paragraph 112.

113. Clune admits the allegations in Paragraph 113.

114. Clune admits the allegations in Paragraph 114.

115. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 and therefore denies the same.

116. Clune denies the allegations in Paragraph 116.

117. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 and therefore denies the same.

118. Clune admits that demolition efforts began on December 16, 2024, at Cosmedica, but denies all remaining allegations in Paragraph 118, including the implication that there was any delay in the demolition.

119. Clune denies the allegations in Paragraph 119.

120. Clune admits that the certificate of occupancy was issued on April 23, 2025, and that this was about two months after the date when Clune's contract with Cosmedica indicated there would be "substantial completion" of the project but denies all remaining allegations in Paragraph 120.

121. Clune denies the allegations in Paragraph 121.

122. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 and therefore denies the same.

123. Clune denies the allegations in Paragraph 123.

124. Clune states that Paragraph 124 contains legal conclusions to which no response is required. To the extent a response is required, Clune admits the allegations in Paragraph 124.

125. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 and therefore denies the same.

126. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 and therefore denies the same.

127. Clune denies the allegations in Paragraph 127.

128. Clune denies the allegations in Paragraph 128.

**COUNT I: BREACH OF ORAL CONTRACT (JLLB)**

129. Clune incorporates by reference its prior responses as though fully set forth herein.

130. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 and therefore denies the same.

131. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 131 and therefore denies the same.

132. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 132 and therefore denies the same.

133. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 and therefore denies the same.

134. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 and therefore denies the same.

135. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 and therefore denies the same.

136. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and therefore denies the same.

137. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 and therefore denies the same.

138. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 and therefore denies the same.

139. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and therefore denies the same.

140. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 and therefore denies the same.

141. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and therefore denies the same.

142. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 142 and therefore denies the same.

143. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 143 and therefore denies the same.

144. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 144 and therefore denies the same.

145. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 145 and therefore denies the same.

146. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 146 and therefore denies the same.

147. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 147 and therefore denies the same.

## COUNT II: VIOLATION OF DUTIES OWED BY TENANT’S REAL ESTATE LICENSEE UNDER DC CODE § 42-1703 (JLLB)

148. Clune incorporates by reference its prior responses as though fully set forth herein.

149. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 149 and therefore denies the same.

150. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 150 and therefore denies the same.

151. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 151 and therefore denies the same.

152. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 152 and therefore denies the same.

153. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 153 and therefore denies the same.

154. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 154 and therefore denies the same.

155. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 155 and therefore denies the same.

156. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 156 and therefore denies the same.

157. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 157 and therefore denies the same.

158. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 158 and therefore denies the same.

159. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 159 and therefore denies the same.

160. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160 and therefore denies the same.

161. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 161 and therefore denies the same.

162. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 162 and therefore denies the same.

163. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 163 and therefore denies the same.

164. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 164 and therefore denies the same.

165. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 165 and therefore denies the same.

## COUNT III: NEGLIGENT MISREPRESENTATION (JLLB)

166. Clune incorporates by reference its prior responses as though fully set forth herein.

167. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 167 and therefore denies the same.

168. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 168 and therefore denies the same.

169. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 169 and therefore denies the same.

170. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 170 and therefore denies the same.

171. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 171 and therefore denies the same.

172. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 172 and therefore denies the same.

173. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 173 and therefore denies the same.

174. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 174 and therefore denies the same.

175. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 175 and therefore denies the same.

176. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 176 and therefore denies the same.

177. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 177 and therefore denies the same.

178. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 178 and therefore denies the same.

179. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 179 and therefore denies the same.

180. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 180 and therefore denies the same.

## COUNT IV: BREACH OF CONTRACT (JLLA)

181. Clune incorporates by reference its prior responses as though fully set forth herein.

182. Clune denies that it is liable for any alleged contractual failures but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 182 and therefore denies the same.

183. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 183 and therefore denies the same.

184. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 184 and therefore denies the same.

185. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 185 and therefore denies the same.

186. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 186 and therefore denies the same.

187. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 187 and therefore denies the same.

188. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 188 and therefore denies the same.

189. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 189 and therefore denies the same.

190. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 190 and therefore denies the same.

191. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 191 and therefore denies the same.

192. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 192 and therefore denies the same.

193. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 193 and therefore denies the same.

194. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 194 and therefore denies the same.

195. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 195 and therefore denies the same.

196. Clune admits that it received a request for proposal from JLLA on October 15, 2024. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 196 and therefore denies the same.

197. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 197 and therefore denies the same.

198. Clune denies the allegations in Paragraph 198.

199. Clune admits that JLLA sent Clune's contract to Cosmedica but affirmatively alleges that the contract was sent to Cosmedica on or about December 13, 2024 ("Clune Contract"). Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 199 and therefore denies the same.

200. Clune denies any allegation in Paragraph 200 that it failed to perform under the Clune Contract. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 200 and therefore denies the same.

201. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 201 and therefore denies the same.

202. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 202 and therefore denies the same.

203. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 203 and therefore denies the same.

**COUNT V: NEGLIGENT MISREPRESENTATION (JLLA)**

204. Clune incorporates by reference its prior responses as though fully set forth herein.

205. Clune denies that it is liable for any alleged construction breach. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 205 and therefore denies the same.

206. Clune admits that it received a request for proposal for the role of general contractor from JLLA on October 15, 2024. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 206 and therefore denies the same.

207. Clune states that the request for proposal speaks for itself. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 207 and therefore denies the same.

208. Clune admits the allegations in Paragraph 208.

209. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 209 and therefore denies the same.

210. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 210 and therefore denies the same.

211. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 211 and therefore denies the same.

212. Clune denies any allegation in Paragraph 212 that it failed to perform under the Clune Contract. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 212 and therefore denies the same.

213. Clune admits that its contract price was $661,059.11. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 213 and therefore denies the same.

214. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 214 and therefore denies the same.

215. Clune denies the allegations in Paragraph 215.

216. Clune denies any allegation or implication in this Paragraph that it was not qualified or capable of performing the Project work. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 216 and therefore denies the same.

217. Clune denies any allegation or implication in this Paragraph that it was not qualified or capable of performing the Project work. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 217 and therefore denies the same.

218. Clune denies any allegation in Paragraph 218 that it failed to perform under the Clune Contract. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 218 and therefore denies the same.

219. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 219 and therefore denies the same.

220. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 220 and therefore denies the same.

221. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 221 and therefore denies the same.

222. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 222 and therefore denies the same.

223. Clune denies any allegation or implication in this Paragraph that it was not qualified or capable of performing the Project work. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 223 and therefore denies the same.

224. Clune admits that Cosmedica selected Clune as its general contractor and entered into the Clune Contract. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 224 and therefore denies the same.

225. Clune denies that it is liable for or that Plaintiffs were damaged in any way by its work on the Project and therefore denies the allegations in Paragraph 225.

226. Clune states that Paragraph 226 contains legal conclusions regarding JLLA's liability to which no response is required. To the extent a response is required, Clune denies the allegations regarding liability in Paragraph 226. Clune lacks knowledge or information sufficient to form a belief about JLLA's contentions referenced in Paragraph 226 and therefore denies the same.

**COUNT VI: BREACH OF CONTRACT (CLUNE CONSTRUCTION)**

227. Clune incorporates by reference its prior responses as though fully set forth herein.

228. Clune admits the allegations in Paragraph 228.

229. Clune admits the allegations in Paragraph 229.

230. Clune admits the allegations in Paragraph 230.

231. Clune admits that the Clune Contract incorporated by reference the permitted drawings prepared by FORM but denies the remaining allegations in Paragraph 231.

232. Clune denies the allegations in Paragraph 232.

233. Clune denies the allegations in Paragraph 233.

234. Clune denies the allegations in Paragraph 234.

235. Clune denies the allegations in Paragraph 235.

236. Clune denies the allegations in Paragraph 236 and affirmatively states that the Clune Contract provided that the contract time and related substantial completion date shall be subject to equitable adjustment if Clune were delayed at any time in the progress of the work, including by any changes ordered in the work.

237. Clune denies the allegations in Paragraph 237.

238. Clune denies the allegations in Paragraph 238.

239. Clune denies the allegations in Paragraph 239.

240. Clune affirmatively alleges that it mistakenly listed JLLA as the Project owner in its first three pay applications, and its fifth pay application for the Project, and identified Cosmedica as the Project owner in its fourth pay application. Clune denies the remaining allegations in Paragraph 240.

241. Clune admits that Cosmedica approved change orders and made partial payments to Clune but denies the remaining allegations in Paragraph 241.

242. Clune admits that Cosmedica received its certificate of occupancy on April 23, 2025, but denies the remaining allegations in Paragraph 242.

243. Clune denies the allegations in Paragraph 243.

## COUNT VII: NEGLIGENCE (CRUZ)

244. Clune incorporates by reference its prior responses as though fully set forth herein.

245. Clune admits the allegations in Paragraph 245.

246. Clune admits the allegations in Paragraph 246.

247. Clune admits the allegations in Paragraph 247.

248. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 248 and therefore denies the same.

249. Clune admits that Cruz's work was project-specific electrical work for the premises Cosmedica would occupy and use. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 249 and therefore denies the same.

250. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 250 and therefore denies the same.

251. Clune states that Paragraph 251 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 251 and therefore denies the same.

252. Clune states that Paragraph 252 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 252 and therefore denies the same.

253. Clune states that Paragraph 253 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 253 and therefore denies the same.

254. Clune denies that any alleged defects or deficiencies in the electrical work are the result of the work it performed. Clune lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 254 and therefore denies the same.

255. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 255 and therefore denies the same.

256. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 256 and therefore denies the same.

257. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 257 and therefore denies the same.

**COUNT VIII: GROSS NEGLIGENCE (CRUZ)**

258. Clune incorporates by reference its prior responses as though fully set forth herein.

259. Clune states that Paragraph 259 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 259 and therefore denies the same.

260. Clune admits the allegations in Paragraph 260.

261. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 261 and therefore denies the same.

262. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 262 and therefore denies the same.

263. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 263 and therefore denies the same.

264. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 264 and therefore denies the same.

265. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 265 and therefore denies the same.

266. Clune states that Paragraph 266 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 266 and therefore denies the same.

267. Clune states that Paragraph 267 contains a legal conclusion to which no response is required. To the extent a response is required, Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 267 and therefore denies the same.

268. Clune lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 268 and therefore denies the same.

As to the allegations in the paragraph beginning "WHEREFORE," Clune denies that Plaintiffs are entitled to any of their requested relief.

## DEMAND FOR TRIAL BY JURY

Clune admits that Plaintiffs have requested a trial by jury on all issues so triable.

## GENERAL DENIAL

Clune generally denies each and every allegation in Plaintiffs' FAC not specifically admitted herein and demands strict proof thereof.

## DEFENSES

Clune asserts the following defenses to preserve them for trial. As this matter proceeds and Clune obtains additional information regarding the applicability of defenses, Clune may withdraw or add to these defenses as appropriate. Clune has not knowingly or intentionally waived any applicable defenses, and Clune reserves the right to amend its defenses during the course of this litigation. By stating these defenses, Clune does not assume the burden of proof on any defense or issue where the burden is properly borne by Plaintiffs.

1. Plaintiffs' FAC fails, in whole or in part, to state a claim upon which relief can be granted.

2. Clune did not breach any express, implied, legal, or equitable duties or obligations owed to Plaintiffs, if any.

3. Plaintiffs' alleged damages were not caused by any breach, act, or omission by Clune.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment and acceptance and accord and satisfaction.

5. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

6. Clune asserts the defenses of offset, credit, and recoupment.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of mutual or unilateral mistake.

8. Clune preserves and asserts any and all additional defenses permitted by law or equity, including all available defenses applicable to Plaintiffs' claims.

WHEREFORE, Clune prays that the FAC be dismissed with prejudice and that Plaintiffs take nothing thereby.

## COUNTERCLAIM

Counterclaimant Clune alleges the following counterclaims against Counterclaim Defendant Cosmedica, and hereby alleges as follows:

## INTRODUCTION TO NATURE OF DISPUTE

1. This dispute arises between Clune and Cosmedica from Cosmedica's failure to pay Clune for construction work Clune performed for a tenant interior fit-out for Cosmedica's business property in Washington, D.C., leading to Clune recording a mechanic's lien for unpaid amounts of $137,982.51.

## PARTIES, JURISDICTION, AND VENUE

2. Defendant/Counterclaim Plaintiff Clune is a limited partnership formed under the laws of Delaware with its principal place of business located at 10 S. Riverside Plaza, Suite 2200, Chicago, Illinois 60606. It is authorized to do business in Washington, D.C., and at all relevant times, was fully licensed and registered by the D.C. Department of Licensing and Consumer Protection (License # 410511000986).

3. Plaintiff/Counterclaim Defendant Cosmedica is a professional limited liability company formed under the laws of Washington, D.C. with its principal place of business located at 1250 23rd Street NW, Suite 410, Washington, D.C. 20037 (the "Property"). The legal description of the Property is Square 0036, Lot 2102. Cosmedica has a leasehold interest in the Property.

4. This Court has subject matter jurisdiction over Clune's breach of contract counterclaim under 28 U.S.C. § 1332(a)(1) as the matter in controversy in this counterclaim exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. The Court also has subject matter jurisdiction over Clune's petition to enforce its

mechanic's lien under 28 U.S.C. § 1367 as that claim is so related to the breach of contract claim as to form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District Court for the District of Columbia under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the counterclaims occurred in this district, and a substantial part of the property that is the subject of the counterclaims is situated in this district.

## FACTUAL BACKGROUND

7. On or about December 13, 2024, Clune and Cosmedica entered into a Standard Short Form of Agreement Between Owner and Contractor (the "Agreement") to complete a tenant fit-out at the Property, attached hereto as Exhibit 1.

8. The Agreement is an enforceable agreement between Clune and Cosmedica.

9. The Agreement required Clune to build out the business space at the Property, including all labor, materials, equipment, and services necessary for the execution and completion of the work under the Agreement.

10. The contract sum was based on the cost of the work and all items necessary for the execution of the work. The Agreement listed the contract sum as $661,059.11.

11. On or about December 16, 2024, Clune commenced labor on the Property and commenced procuring materials to be furnished to the Property.

12. Over the course of the project, Cosmedica signed several change orders, with a total net change of $54,479.00. Most relevant here, on May 4, 2025, Cosmedica signed a Change Estimate Summary for $32,409.00 for additional electrical work to be performed under the Agreement, attached hereto as Exhibit 2.

13. Including these change orders to the contract sum in the Agreement, Cosmedica

agreed to pay Clune $715,538.11 in total for its work.

14. Clune substantially performed the work under the Agreement, including furnishing labor, materials, equipment, and services.

15. Clune submitted timely Applications for Payment to Cosmedica, in accordance with Article 4 of the Agreement.

16. On or about May 19, 2025, Clune submitted Application for Payment No. 4 to Cosmedica for services rendered through April 30, 2025.

17. On September 10, 2025, Clune submitted Application for Payment No. 5 to Cosmedica for services rendered through August 31, 2025.

18. Cosmedica failed to timely pay either Application for Payment No. 4 or No. 5 as required under the Agreement.

19. Due to repeated failures to make payments, Clune issued a notice of suspension of work on September 12, 2025, indicating that it intended to suspend work effective September 19, 2025, until such time that the payment disputes could be resolved.

20. Prior to the issuance of the notice of suspension, Clune's last day of work at the Property—and thus the date the work was completed or terminated—was August 29, 2025.

21. As of September 12, 2025, Cosmedica had an outstanding balance of $243,126.71 for Work Clune had performed on the Property, after deducting just credits and offsets.

22. On September 16, 2025, Cosmedica paid Clune $32,409.00 as a portion of its outstanding balance.

23. On September 30, 2025, Cosmedica paid Clune $72,735.20 as an additional portion of its outstanding balance.

24. As of October 2, 2025, Cosmedica had an outstanding balance of $137,982.51 for

Work Clune had performed on the Property, after deducting just credits and offsets.

25. On November 25, 2025, Clune recorded its Notice of Mechanic's Lien with the District of Columbia Office of Tax and Revenue Recorder of Deeds, Document No. 2025115314, in the amount of $137,982.51. The recorded Notice of Mechanic's Lien is attached hereto as Exhibit 3 (the "Lien"). Clune mailed copies of the recorded Notice of Mechanic's Lien by certified mail that same date to both Cosmedica and Cosmedica's counsel at the time of the recording (Mary C. Biscoe-Hall and Cheyenne Moore with Nelson Mullins Riley & Scarborough LLP).

26. Cosmedica received a copy of the recorded Notice of Mechanic's Lien by certified mail on December 1, 2025.

27. Cosmedica's counsel, at the time of the recording, received a copy of the recorded Notice of Mechanic's Lien by certified mail on December 5, 2025.

28. On May 29, 2026, Clune recorded a Notice of Pendency of Action ("Lis Pendens") with the District of Columbia Office of Tax and Revenue Recorder of Deeds, Document No. 2026052672. [ECF No. 11-1]

29. The Agreement remains in force and neither party has terminated it.

30. Clune is filing this counterclaim to comply with D.C. Code §§ 40-301.01, 40-301.02, and 40-303.08, and initially filed this counterclaim in response to Plaintiffs' original complaint in the Superior Court for the District of Columbia prior to the expiration of Clune's statutory period to foreclose under D.C. Code § 40-303.13.

**COUNT I – MECHANIC'S LIEN FORECLOSURE**

31. Clune incorporates by reference its prior allegations as if fully set forth herein.

32. Pursuant to the Agreement, Clune furnished labor, materials, fixtures machinery, equipment, and/or tools to the Property.

33. Clune's total lien claim for labor, materials, fixtures, machinery, and/or tools furnished by Clune to the Property under the Agreement, after deducting just credits and offsets, is $137,982.51, not including accrued and accruing interest and all other reasonable expenses incurred, including, without limitation, attorneys' fees, and other professional services. This amount is the reasonable value of the labor, materials, fixtures, machinery, and/or tools furnished by Clune under the Agreement and for which Clune has not been paid.

34. On November 25, 2025, Clune duly and timely recorded its Notice of Mechanic's Lien with the District of Columbia Office of Tax and Revenue Recorder of Deeds at Document No. 2025115314 in the amount of $137,982.51 (the "Lien"). *See* Exhibit 3.

35. On November 25, 2025, Clune sent its Lien to Cosmedica and Cosmedica's then counsel by certified mail return receipt requested.

36. Clune performed all conditions precedent to impose and secure a good and valid mechanic's lien against the Property for such labor, materials, fixtures, machinery, equipment and/or tools furnished and incorporated into the Property as described in the Lien.

37. Clune timely filed these counterclaims against the leasehold-interest owner of the Property against whom Clune seeks to enforce the Lien under D.C. Code § 40-303.13.

38. Clune duly and timely recorded a Notice of Lis Pendens with the District of Columbia Office of Tax and Revenue Recorder of Deeds, Document No. 2026052672 [ECF No 11-1.].

39. Clune alleges that Clune has the most senior priority mechanic's lien on the Property.

40. Clune is entitled to have this Court determine and declare the rights, priority, claims, interest, estate, liens, equity, and title of all lien claimants and other parties claiming an

interest in the Property that is the subject of the Lien; to have this Court order the lien foreclosed and Cosmedica's interest in the Property sold to satisfy all liens against it in the order of their priority and treating all valid mechanic's liens as being in parity; and to have the sales proceeds distributed accordingly.

41. Clune is entitled to foreclose the Lien against all others holding an interest that is equal or inferior to the Lien and to recover the amounts secured by the Lien from the foreclosure sale proceeds of Cosmedica's interest in the Property based upon the priorities established by the Court and D.C. law. Furthermore, Clune is entitled to recover interest and its attorneys' fees and costs incurred in foreclosing on the Lien pursuant to, without limitation, D.C. Code § 40–303.16, the Agreement, and other applicable law.

## COUNT II – BREACH OF CONTRACT

42. Clune incorporates by reference its prior allegations as if fully set forth herein.

43. Cosmedica requested Clune furnish certain Services and materials for the Property, and Cosmedica agreed to pay Clune for such Services and materials.

44. Cosmedica's request constitutes a valid and binding contractual agreement.

45. Clune performed its obligations by furnishing the Services and materials for the Project.

46. Cosmedica has failed to pay all amounts due and owing for the Services and materials provided by Clune for the Property.

47. Cosmedica materially breached its agreement with Clune by failing to pay Clune all amounts due and owing for the Services and materials supplied to the Property.

48. Clune is entitled to statutory interest on all outstanding amounts owed to it.

49. Cosmedica's material breaches have caused Clune to incur damages in an amount

to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Clune requests that the Court enter judgment in favor of Clune and against Counterclaim Defendant Cosmedica as follows:

A. For a judgment entering appropriate orders for foreclosure of the Lien Clune has recorded against the Property in the principal amount of $137,982.51, plus accrued and accruing interest thereon at the highest rate allowable by law from the earliest date allowable by law until paid plus all reasonable expenses incurred including attorneys' fees and other professional services, and that any person claiming a junior interest in the Property subject to this Lien be forever barred and foreclosed to any and all claim, right, title, interest, estate, lien, or equity in the Property;

B. For a judgment declaring that the above sums be adjudged to be a valid lien upon the Property;

C. For a judgment ordering that Cosmedica's interest in the Property be adjudged and decreed to be sold according to the law and practice of this Court and D.C. law and that Clune be paid the amount due out of the proceeds of that sale pursuant to, but not limited to, D.C. Code § 40-303.09, or that Clune be adjudged the owner of Cosmedica's leasehold interest upon foreclosure, as appropriate.

D. For a judgment declaring that any liens and interests of any other defendants claimed against the Property are equal to or inferior to the Lien;

E. For a judgment in favor of Clune and against Cosmedica for Cosmedica's breaches of the Agreement, awarding Clune an amount to be proven at trial, together with interest thereon;

F. For an award of interest, costs, expenses, and attorneys' fees pursuant to the terms of the Agreement and any and all applicable law; and

G. For such other and further relief as the Court deems just and proper.

Dated: July 20, 2026

Respectfully submitted,

SNELL & WILMER, LLP

*<u>/s/ Eric H. Spencer</u>*
Eric H. Spencer (DC Bar # 1673258)
Sarah E. Delaney *(admitted pro hac vice)*
Nicole Redmond (DC Bar # 90018110)
2001 K St. NW, Suite 425
Washington D.C. 20006
Tel: (202) 908-4260
espencer@swlaw.com
sdelaney@swlaw.com
nredmond@swlaw.com

***Counsel for Defendant/Counterclaimant Clune Construction Company, LP***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of July 2026, a copy of the foregoing document was filed electronically on this day. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Nicole Redmond*
Nicole Redmond